## City Court.

*Trial Term—March, 1886.*

## BARBARA ZENNER *against* JOHN NEWMAN.

To make the owner of a dwelling out of possession liable to the occupant for an overflow or leakage from water-pipes, it is necessary to prove that the owner interfered in some way with the management of the premises by making repairs and doing them negligently, or the like. An owner is not liable for injuries caused by defective pipes unless there be some defects in their construction.

McAdam, Ch. J., in granting a motion to dismiss the complaint, said:—The action is not brought against an occupant in actual possession of the upper part of the

Zenner *v.* Newman.

house, where the overflow occurred. If it had, it might perhaps be inferred that the overflow was caused by some act of the occupant of such upper floor. The action is not even brought against the plaintiff's landlord, between whom and the plaintiff there is a privity of contract and a reciprocity of obligation, but is brought against the owner of the realty, out of possession. To charge the owner out of possession it is necessary to prove that the owner interfered in some way with the management of the premises by undertaking to make repairs, and doing them so negligently that damage resulted in consequence. The injuries for which damages are claimed were received in December, 1884, and the repairs were made in July previous. If the overflow had occurred while the pipes were undergoing repairs, it might be fair to infer that the overflow was caused by the plumber, the owner's agent; but for an overflow occurring months afterwards, the owner is not liable, certainly not without affirmative proof that the work was defectively done, and that the damage resulted from this cause.

The owner of the realty is not liable for overflow caused without his fault, nor is he liable for injuries caused by defective pipes, unless there was some defect in their original construction. He is not liable for the consequences of age, or for wear and tear. No fault or defect in original construction is charged in the complaint, but the complaint alleges that, by reason of the negligent and improper manner in which the pipes were repaired and left by the defendant, an overflow occurred on December 6, 1884, by which the household goods, carpets and furniture of the plaintiff were wet, soiled and damaged, to the amount of $600. So that, as I have remarked repeatedly during the trial, the theory of the case on which the owner is to be held liable is, that he made these repairs so defectively that an overflow occurred as a natural result. There is no affirmative proof that the repairs were defectively made. The tenant, as a rule,

takes premises very much as he takes a wife—for better or worse. The plaintiff, as before remarked, had no contract with the defendant, and he is not liable to her for defects in the plumbing or for overflows caused in consequence. If, for example, I bring suit against you, the first question is, is there any privity of contract? did you agree to do anything that you have not done? If not, then you are not liable on the theory of contract, because you made none.

That is the position of the present owner of the realty. He made no contract with the plaintiff; therefore, there is no contract obligation. How is he liable, then? Did he do anything wrong? There is no pretense that he ever misrepresented the condition of the premises to the plaintiff, for he never let them to her. He did not say anything to her, and made no contract with her. He is liable to her only on the theory of a tort or a wrong. If you knock a man down there is no contract to pay the damages, but the law will make you respond nevertheless. The owner of the realty out of possession is liable only upon the theory of misconduct. Making repairs in a defective or improper manner, whereby damage is caused, is a wrongful act, but the difficulty is, there is no proof that they were defectively or improperly made, or that the owner committed any wrong.

He had a right to assume that the plumber he sent to do the work would do it properly. That is the legal presumption. If you employ a competent man to do work, the presumption is that he will do it properly. If he does not do it properly, the onus of proving that, is on him that alleges it; therefore, the onus in this case was on the plaintiff.

The fact that, five months after repairs were made, an overflow occurred, does not in itself prove defective workmanship or misconduct on the part of the defendant. A plumber is not an insurer. He does not insure how long his work will last, unless he gives a guarantee; nor is a

Zenner *v.* Newman.

property owner an insurer against accidents or overflows caused by the work of a plumber; nor is the owner bound to put in pipes unless he agrees to do it. I cannot say to my landlord, " These pipes are old, and I want you to put new pipes in the house." He might legally say, " I never agreed to do that. If you had asked me to put in new plumbing when you hired the house, I might have charged you more rent. " The tenant may say, " Well, it wet my carpets." The landlord might well answer, " That is not my fault; you should have guarded against that."

I know of no legal principle on which a recovery against the defendant can be maintained.

A number of plaintiff's witnesses have testified what the landlord should have done to prevent the injury which resulted. The difficulty is, he did not agree to follow their advice or directions, or to obey their orders. It might have been wise policy to have done so, but he did not agree to do so; therefore, he cannot be obliged to do it. If the plaintiff has any remedy, it is against the person from whom she hired, and that depends, in a very large degree, upon the nature of the contract between them. That is not in evidence here, because the action is not between those parties; but it is clear to me, on legal principles, that the property owner is not liable, in the absence of positive proof that his agent did some wrong that resulted in loss to the plaintiff.

For these reasons, the complaint will have to be dismissed.